IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IYANKARAN THEIVENDRARAJAH,<br>*Petitioner*<br><br>-vs-<br><br>CHAD WOLF, ACTING SECRETARY OF THE U.S. DEPARTMENT OF HOMELAND SECURITY; WILLIAM P. BARR, U.S. ATTORNEY GENERAL; MATTHEW ALBENCE, ACTING DIRECTOR OF ICE; KEN CUCCINELLI, ACTING DIRECTOR OF USCIS; MICHAEL J. PITTS, FIELD OFFICE DIRECTOR OF DETENTION AND REMOVAL, ICE; AND RAY CASTRO, WARDEN, SOUTH TEXAS DETENTION FACILITY;<br>*Respondents* | § § § § § § § § § § § § § § § § § § § § § | SA-20-CV-00370-XR |

# ORDER

On this day, the Court considered the status of this case, as well as the Government's Motion to Dismiss (ECF No. 13), Petitioner's Motion to Expedite (ECF No. 14), and the Government's Corrected Motion to Dismiss (ECF No. 19).

## Background

Petitioner filed his "Petition Under the Suspension Clause for a Writ of Habeas Corpus by a Person in Federal Custody" pursuant to 28 U.S.C. § 2241 seeing "to remedy his unlawful detention." ECF No. 1 at 2. It is undisputed that Petitioner entered the United States without inspection, was apprehended by Immigration Customs Enforcement ("ICE"), and was placed in expedited removal proceedings. *Id.* The Asylum Office interviewed him to determine whether he had a "credible fear" of removal, and determined that he did not have a viable claim for relief. *Id.*

1

The Immigration Court affirmed. *Id.* At the time the writ was filed, Petitioner was detained at the South Texas Detention Facility. *Id.* at 3.

Petitioner complained that he was not given the process due to him in his expedited removal proceedings. Petitioner conceded that the REAL ID Act restricts district court habeas review of orders of removal issued in expedited removal proceedings to the specific grounds enumerated in 8 U.S.C. § 1252(e)(2) and that none of those grounds apply here. *Id.* at 4. Petitioner nevertheless asserted that this Court has jurisdiction over his habeas petition under the Suspension Clause. Petitioner asserted that there is no binding precedent over whether § 1252(e)(2) violates the Suspension Clause when applied to noncitizen petitioners in expedited removal proceedings and that two Courts of Appeals had reached opposite holdings. Petitioner relied upon the Ninth Circuit's decision in *Thuraissigiam v. U.S. Department of Homeland Security*, 917 F.3d 1097 (9th Cir. 2019), which held that petitioners could invoke district court habeas jurisdiction under the Suspension Clause. Petitioner argued that the "reasoning followed by the Ninth Circuit in *Thuraissigiam* is sound and directly applicable to [Petitioner's] Suspension Clause claim." ECF No. 1 at 8.

The Government moved to dismiss the petition pursuant to Rule 12(b)(1), asserting that the Court lacks habeas jurisdiction pursuant to the bar in § 1252(e)(2) and decisions rejecting Petitioner's Suspension Clause argument. ECF No. 19. After the Government filed its motion to dismiss, the Supreme Court reversed *Thuraissigiam*, holding that § 1252(e)(2) does apply to aliens apprehended on U.S. soil and that § 1252(e)(2)'s limit on judicial review of expedited removal orders does not violate the Suspension Clause. *Dep't of Homeland Sec'y v. Thuraissigiam*, 140 S. Ct. 1959 (2020). The Supreme Court noted that habeas has traditionally been a means to secure release from unlawful detention, not to obtain additional administrative review of an asylum claim

and ultimately obtain authorization to stay in the country. *Id.* at 1963. It further emphasized that Congress is entitled to set the conditions for an alien's lawful entry into this country and, as a result, an alien at the threshold of initial entry cannot claim any greater rights under the Due Process Clause. *Id.* at 1964. Neither the Suspension Clause nor the Due Process Clause of the Fifth Amendment required any further review, and the limitations on habeas review were constitutional as applied. *Id.*

The Government raised *Thuraissigiam* in its reply brief (ECF No. 23). Petitioner then filed a sur-reply (ECF No. 28) attempting to distinguish *Thuraissigiam*. On September 21, the Government advised the Court that Petitioner "departed from the United States on or about September 17, 2020, for removal to his country." ECF No. 35. Thereafter, the Magistrate Judge returned this case to the Undersigned. ECF No. 36.

**Analysis**

As noted, Petitioner attempted to distinguish *Thuraissigiam* after the Supreme Court's decision despite his reliance on the Ninth Circuit's decision. Petitioner focuses on the fact that Thuraissigiam did not ask to be released and instead sought vacatur of his removal order and an order directing the Department of Homeland Security to provide him with a new opportunity to apply for asylum. Petitioner asserted that he, in contrast, did seek release from his unlawful detention. However, as the Government correctly points out, Petitioner asks "that the Expedited Removal Order be vacated, and . . . that the Petitioner be provided a new, meaningful opportunity to apply for asylum and other relief from removal." ECF No. 1 at 32. Petitioner's claim that he was being unlawfully detained was premised entirely upon his assertion that he was denied adequate process in his expedited removal proceedings. This Court is barred from reviewing such a habeas claim by § 1252(e)(2). The Court is also barred by 8 U.S.C. § 1252(a)(2)(A)(iii) to the

3

extent Petitioner invokes the Administrative Procedure Act as a basis for jurisdiction. Moreover, to the extent Petitioner reframed his position to argue that he was seeking a release in accord with traditional habeas relief, the fact that he has now been removed renders moot such a request.

Accordingly, to the extent Petitioner seeks review of his expedited removal order and the procedures leading thereto, the Court grants the motion to dismiss and dismisses the petition for lack of jurisdiction. To the extent Petitioner seeks release from custody, the petition is dismissed as moot.

## Conclusion

The Government's Motion to Dismiss (ECF No. 13) is DISMISSED AS MOOT as a corrected motion was filed.

The Government's Corrected Motion to Dismiss (ECF No. 19) is GRANTED.

Petitioner's Motion to Expedite (ECF No. 14) is DISMISSED AS MOOT.

Petitioner's petition for writ of habeas corpus is DISMISSED WITHOUT PREJUDICE.

The Clerk is directed to enter Judgment pursuant to Rule 58 that this case is DISMISSED WITHOUT PREJUDICE and to CLOSE this case.

It is so **ORDERED**.

SIGNED this 25th day of September, 2020.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE